**Julien Niroshan MARIYATHAS-ANTHONY, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70885.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Markandu S. Vigneswaran, Law Offices of Markandu S. Vigneswaran, Hacienda Heights, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Julien Niroshan Mariyathas–Anthony, a native and citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

■ Substantial evidence supports the IJ's adverse credibility determination because Mariyathas testified inconsistently about whether he joined the Liberation Tigers of Tamil Eelam ("LTTE"), *see id.* at 1043 (explaining that one material inconsistency can be sufficient to support an adverse credibility determination), and an affidavit from petitioner's father failed to reconcile or corroborate Mariyathas' testimony on this point. *See Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000) (explaining that if the trier of fact ... does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application).

■ Because petitioner failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

■ Petitioner also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured by authorities if he returned to Sri Lanka. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003) (citing 8 C.F.R. § 208.16(c)(2)).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.